IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ANA DELGADOLESMES,
    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES
    Defendants.



_____/

## COMPLAINT FOR DAMAGES

### JURY TRIAL DEMANDED

**ANA DELGADOLESMES** (herein "Plaintiff") sues PORTFOLIO RECOVERY ASSOCIATES and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumer, ANA DELGADOLESMES, against PORTFOLIO RECOVERY ASSOCIATES Corporation (herein "Defendant"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et. seq.*, and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq.*

### THE PARTIES

2. Plaintiff ANA DELGADOLESMES is an adult individual residing in Florida.

3. Defendant PORTFOLIO RECOVERY ASSOCIATES Corporation (hereafter "PORTFOLIO RECOVERY ASSOCIATES") is a lending entity that regularly conducts business in Florida. They are located at 120 CORPORATE BLVD STE 100, NORFOLK VA 23502.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

6. **This is a lawsuit is for over $75,000.00 in damages.**

## FACTUAL ALLEGATIONS

7. Defendant has been reporting items that are not verified and inaccurate in Plaintiff's credit report. These statements and information relating to Plaintiff's credit history to third parties (hereafter the "inaccurate items" or "unverified items") have been challenged, disputed, remain unverified and unblocked in Plaintiff's TRANSUNION, EXPERIAN and EQUIFAX credit reports.

8. Plaintiff disputed thirty-six (36) items with TRANSUNION, EXPERIAN, EQUIFAX and PORTFOLIO RECOVERY ASSOCIATES by following established procedures for disputing consumer credit information in or around on or about January 20, 2017, by sending a consumer dispute to TRANSUNION, EXPERIAN and EQUIFAX (Exhibit 1, Plaintiff has forwarded redacted copies of the credit report to the Defendant). These disputes were forwarded to PORTFOLIO RECOVERY ASSOCIATES from TRANSUNION, EXPERIAN and EQUIFAX.

9. Plaintiff again disputed the same thirty-six (36) items with TRANSUNION, EXPERIAN, EQUIFAX and PORTFOLIO RECOVERY ASSOCIATES by following established procedures

for disputing consumer credit information in or around February 20, 2017, by sending a consumer dispute to TRANSUNION, EXPERIAN and EQUIFAX (Exhibit 2). These disputes were forwarded to PORTFOLIO RECOVERY ASSOCIATES from TRANSUNION, EXPERIAN and EQUIFAX.

10. Both disputes have been ignored and TRANSUNION, EXPERIAN, EQUIFAX and PORTFOLIO RECOVERY ASSOCIATES have provided no supporting documents requested to verify the items disputed.

11. Notwithstanding Plaintiff's efforts, TRANSUNION, EXPERIAN, EQUIFAX and PORTFOLIO RECOVERY ASSOCIATES have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate and unverified items. These persons continue to publish and disseminate unverified information to other third parties.

12. The inaccurate and incomplete items consists of a thirty-six (36) derogatory items appearing in Plaintiff's credit reports, reported by PORTFOLIO RECOVERY ASSOCIATES and appearing in Plaintiff's TRANSUNION, EXPERIAN and EQUIFAX credit reports.

13. TRANSUNION, EXPERIAN, EQUIFAX and PORTFOLIO RECOVERY ASSOCIATES have continued to report this information, despite failing to verify the items disputed. TRANSUNION, EXPERIAN, EQUIFAX and PORTFOLIO RECOVERY ASSOCIATES know that the FCRA requires them to verify the items disputed and send any supporting documents requested to the Plaintiff but failed to do so in violation of the FCRA.

14. According to the FCRA, information that cannot be verified within thirty (30) days must be removed. TRANSUNION, EXPERIAN, EQUIFAX and PORTFOLIO RECOVERY ASSOCIATES have failed to remove the disputed items after failing to verify them.

15. The FCRA requires TRANSUNION, EXPERIAN, EQUIFAX and PORTFOLIO RECOVERY ASSOCIATES to engage in a reasonable investigation of disputes imitated by consumers but TRANSUNION, EXPERIAN, EQUIFAX and PORTFOLIO RECOVERY ASSOCIATES have ignored Plaintiff's request for information and documents regarding the disputed items.

16. TRANSUNION, EXPERIAN, EQUIFAX and PORTFOLIO RECOVERY ASSOCIATES repeatedly failed to avoid reporting these unverified items, failed to follow any reasonable procedure in verifying the items disputed by Plaintiff and failed to note each item as disputed in Plaintiff's credit reports. Information that cannot be verified must be blocked from reporting in Plaintiff's credit report permanently. This unverified information has not been blocked from Plaintiff's credit report.

17. The inaccurate information negatively reflects upon Plaintiff's credit repayment history and adversely affects Plaintiff's credit worthiness.

18. TRANSUNION, EXPERIAN, EQUIFAX and PORTFOLIO RECOVERY ASSOCIATES have been reporting the inaccurate and unverified items through the issuance of this unverified information in consumer credit reports that have been disseminated to various persons and credit grantors, both known and unknown, through 2017.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities for a mortgage with NACA in 2016 and in April 2017 with another lender, in part because of the unverified items appearing in Plaintiff's TRANSUNION, EXPERIAN, EQUIFAX and published by PORTFOLIO RECOVERY ASSOCIATES in her credit report.

20. Despite Plaintiff's efforts, TRANSUNION, EXPERIAN and EQUIFAX have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications; (5) requested any alleged bankruptcy related documents or any other relevant documents from the entities furnishing the inaccurate information.

21. Notwithstanding Plaintiff's disputes, PORTFOLIO RECOVERY ASSOCIATES has also failed to in their duty to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agency concerning Plaintiff's disputes.

22. PORTFOLIO RECOVERY ASSOCIATES has willfully continued to report such unverified items to the credit reporting agency, not even marking the above accounts as disputed, in violation of the FCRA.

23. As a result of Defendants' conduct, Plaintiff has also suffered actual damages in the form of distress, humiliation, embarrassment, anxiety, and frustration, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

24. As a result of Defendants' conduct, Plaintiff has also suffered actual damages in the form of injury to credit rating and reputation, a decreased credit score, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

25. At all times pertinent hereto, Defendant PORTFOLIO RECOVERY ASSOCIATES were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

26. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## PLAINTIFF'S TCPA CLAIMS

27. When PORTFOLIO RECOVERY ASSOCIATE calls Plaintiff, she often heard clicks, long pauses and delays before a representative came on the line.

28. Plaintiff has informed these representatives that she is with patients during the day and cannot receive telephone calls during work hours. In this way, Plaintiff clearly revoked PORTFOLIO RECOVERY ASSOCIATE'S consent to call. Despite this, PORTFOLIO RECOVERY ASSOCIATES representatives continue to call.

29. Defendant has called Plaintiff's cellular telephone for non-emergencies purposes by use of an Automatic Telephone Dialing System (ATDS) at least sixty (60) times over the last four (4) years.

30. PORTFOLIO RECOVERY ASSOCIATES continues to abuse, harass and oppress the Plaintiff by calling here cellular telephone, often during work hours, with malice.

## COUNT I – VIOLATIONS OF THE FCRA

31. Plaintiff incorporates the foregoing paragraphs 1-35 as though the same were set forth at length herein.

32. At all times pertinent hereto, TRANSUNION, EXPERIAN and EQUIFAX are "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

33. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

34. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

35. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, TRANSUNION, EXPERIAN and EQUIFAX is liable to Plaintiff for engaging in the following conduct:

   a) (a) willfully and negligently failing to timely and properly re-investigate the inaccurate information after receiving notice of the dispute from the Plaintiff and to timely delete the inaccurate information, in violation of 15 U.S.C. § 1681i; and

   b) (b) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

36. The conduct of TRANSUNION, EXPERIAN and EQUIFAX was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, TRANSUNION, EXPERIAN and EQUIFAX is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## COUNT II – VIOLATIONS OF THE FCRA

37. Plaintiff incorporates the foregoing paragraphs 1-35 as though the same were set forth at length herein.

38. At all times pertinent hereto PORTFOLIO RECOVERY ASSOCIATES was a "person" as that term defined by 15 U.S.C. § 1681a(b).

39. PORTFOLIO RECOVERY ASSOCIATES violated 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in the following conduct:

   a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to PORTFOLIO RECOVERY ASSOCIATES;
c) willfully and negligently failing to report the accurate status of the disputed information to the credit reporting agency;
d) willfully and negligently failing to mark the disputed account and remark as disputed; and
e) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

40.    PORTFOLIO RECOVERY ASSOCIATES's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result PORTFOLIO RECOVERY ASSOCIATES is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

**WHEREFORE**, Plaintiff preys that this Court enter the following relief against PORTFOLIO RECOVERY ASSOCIATES for statutory damages for each violation of the FCRA pursuant to 15 U.S.C. §1681n(a), an award of $1,000.00 for each willful violation as alleged herein, punitive damages under 15 U.S.C. §1681n(a)(2), attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. §1681n(a)(3), interest as permitted by law, and such other and relief including as the Court deems equitable and just under the circumstances.

### COUNT III
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692(e)

41.    Paragraphs 1-35 are realleged as though fully set forth herein.

42.    Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

43.    PORTFOLIO RECOVERY ASSOCIATES are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

44. PORTFOLIO RECOVERY ASSOCIATES violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) PORTFOLIO RECOVERY ASSOCIATES violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.
    (b) Franklin violated 15 U.S.C. §1692e(4) by stating that nonpayment of any debt would result in garnishment.
    (c) PORTFOLIO RECOVERY ASSOCIATES violated 15 U.S.C. §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.
    (d) PORTFOLIO RECOVERY ASSOCIATES violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
    (e) PORTFOLIO RECOVERY ASSOCIATES violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
    (f) PORTFOLIO RECOVERY ASSOCIATES violated 15 U.S.C. §1692e(11) by failing to warn that it was a debt collector.
    (g) PORTFOLIO RECOVERY ASSOCIATES violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
    (h) PORTFOLIO RECOVERY ASSOCIATES violated 15 U.S.C. §1692g(b) by not ceasing collection efforts until the debt was validated.

**WHEREFORE**, Plaintiff demands judgment for damages against PORTFOLIO RECOVERY ASSOCIATES for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT IV
### VIOLATION OF TELEPHONE CONSUMER
### PROTECTION ACT (TCPA), 47 U.S.C. §227

45. Paragraphs 1-35 are realleged as though fully set forth herein.

46. Plaintiff has often heard clicks and delays when receiving calls via the use of PORTFOLIO RECOVERY ASSOCIATES that she works during the day and she cannot take calls.

47.     PORTFOLIO RECOVERY ASSOCIATES has continued to call Plaintiff's unlisted cellular telephone for non-emergency purpose via the use of an ATDS despite having actual knowledge that she demanded cessation of the calls, along with attorneys' fees and costs, as well as such other relief, permitted by law.

48.     Despite Plaintiff's demand for cessation, PORTFOLIO RECOVERY ASSOCIATES has called over sixty (60) times over the last four (4) years.

49.     The TCPA, 47 U.S.C. §227, provides:

> **§ 227. Restrictions on use of telephone equipment**
>
> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions.** It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
>> **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>
>>> **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

i)      The TCPA, 47 U.S.C. §227(b)(3), further provides:

> **Private right of action.**
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
>> **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> **(C)** both such actions.

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

ii) Defendant violated the TCPA by placing automated calls to plaintiffs' cell phone.

50. PORTFOLIO RECOVERY ASSOCIATES willfully or knowingly violated the TCPA, 47 U.S.C. § 222(b)(1)(A)(iii) by willfully initiating telephone calls to Plaintiff's cellualar telephone by us of an ATDS for non-emergency use.

51. PORTFOLIO RECOVERY ASSOCIATES willfully or knowingly violated 47 U.S.C. §227(c)(1)(F) by making or transmitting a telephone solicitation to the Plaintiff's telephone number.

**WHEREFORE**, Plaintiff demands judgment for damages against PORTFOLIO RECOVERY ASSOCIATES for actual or statutory damages, and attorney's fees and costs, pursuant to 47 U.S.C. §227(b)3 & (c)5 for each of the sixty (60) violative non-emergency calls to Plaintiff's cellular telephone.

Respectfully Submitted,

## JURY TRIAL DEMAND

**PRAYER FOR RELIEF**

*[signature]*

7170 SW 4th St
Miami, FL 33144

# EXHIBIT 1

# EXHIBIT 2